FILED

2025 DEC 22 PM 12: 32

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____ GSA

Fee PAID

N|S

ALI RAISDANAI
1301 West 12th Street
Long Beach, California 90813
323-631-0528
ashtianij@proton.me
Plaintiff In Pro Per

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ALI RAISDANAI,

    Plaintiff,

vs.

FEDERAL BUREAU OF INVESTIGATION;

HOMELAND SECURITY INVESTIGATIONS;

CITY OF LONG BEACH;

COUNTY OF LOS ANGELES;

ALLIED UNIVERSAL SECURITY SERVICES;

PARAGON SYSTEMS, INC.;

DOES 1 through 10, Federal Agents;

DOES 11 through 20, Local Police Officer/Deputy Sheriffs;

DOES 21 through 30, Private Security Guards,

Defendants.

Case No.: 2:25CV12079-KK-KES

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
(42 U.S.C. §1983; Bivens; California Civil Code §52.1, First Amendment Retaliation, Fourth Amendment (Unlawful Detention), Conspiracy to Violate Civil Rights Deprivation of Rights under Color of Law

**DEMAND FOR JURY TRIAL**

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 1

## I. JURISDICTION AND VENUE

1. This action is brought against individual defendants in their personal capacities pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).
2. Jurisdiction is proper under 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1343 (Civil Rights).
3. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) because all acts occurred within this district.

## II. PARTIES

4. Plaintiff ALI RAISDANAI is an individual residing in Long Beach, California.
5. Defendants **DOES 1-10** are agents of the FBI and HSI whose true names and identities are currently unknown. Plaintiff will seek leave to amend this complaint once their identities are discovered. They are sued in their individual capacities.
6. Defendants **DOES 11-20** are officers and deputies of the LBPD and LASD whose true names are currently unknown. They are sued in their individual capacities.
7. Defendants **DOES 21-30** are individual security personnel employed by Paragon Systems, Inc. and Allied Universal whose true names are currently unknown.
8. Defendant PARAGON SYSTEMS, INC. and Defendant ALLIED UNIVERSAL are private entities acting under color of law as federal contractors and/or participants in the **Los Angeles Joint Regional Intelligence Center (JRIC).**

9. All Defendants are acting under color of law or authority as federal contractors and/or participants through actions coordinated by the **Los Angeles Joint Regional Intelligence Center (JRIC)**.

### III. STATEMENT OF FACTS

**A. Agency Coordination and the JRIC Framework**

10. At all times relevant to this Complaint, Defendants Federal Bureau of Investigation (FBI), Homeland Security Investigations (HSI), Long Beach Police Department (LBPD), and Los Angeles Sheriff's Department (LASD) acted in concert as member agencies of the Los Angeles/Orange County Joint Regional Intelligence Center (JRIC).

11. Plaintiff alleges that the surveillance, physical assaults, and subsequent withholding of evidence described herein were coordinated through JRIC for the purpose of monitoring and retaliating against Plaintiff.

**B. The December 2023 Assault and Pretextual Investigation**

12. On December 22, 2023, at approximately 1:00 AM, Plaintiff was at a 24-Hour Fitness in Lakewood, CA. After requesting an ADA-compliant restroom, Plaintiff was assaulted and robbed by an individual identified as Fabian Green.

13. Plaintiff alleges Green acted as an agent for, or at the direction of, the JRIC-affiliated agencies. Body-worn camera footage captures Green summoning an unknown third party immediately prior to the assault.

14. Despite evidence of felony robbery, the LASD—the primary investigating agency—permitted Green to enter a Pre-Filing Diversion program on April 16, 2024, involving minimal online anger management.

15. Following the diversion, LASD denied Plaintiff's California Public Records Act (CPRA) requests for 911 audio and footage on September 24, 2024, and

September 25, 2025. LASD cited an "active investigation" as a pretext to withhold evidence, despite the criminal matter being resolved for over a year.

16. LASD Lakewood Station further refused to release the police narrative report until June 2024, only doing so after Plaintiff initiated complaints with the LA Board of Supervisors and the Office of Inspector General.

**C. April and May 2024: Direct FBI Interaction and Infiltration**

17. On April 1, 2024, while Plaintiff received medical treatment at UCI Health in Lakewood, an unidentified male approached Plaintiff and explicitly stated, "I work for the FBI."

18. On May 8, 2024, Plaintiff visited a public office at 4811 Airport Plaza Drive, which houses an FBI Resident Office. Two individuals—later confirmed by building security to be FBI agents—interrogated Plaintiff regarding a vehicle-mounted camera.

19. Immediately following the interrogation, an individual posing as an Allied Universal security guard ordered Plaintiff to vacate the premises. Allied Universal management later confirmed no such guard was scheduled for that post, suggesting the individual was a "John Doe" agent.

20. On May 10, 2024, dash camera footage captured Allied Universal personnel photographing Plaintiff's vehicle. Simultaneously, a person in a City of Long Beach Parking Enforcement uniform arrived, targeted only Plaintiff's vehicle under the guise of a "placard check," and immediately left. The City of Long Beach later confirmed no officers were dispatched to that location.

**D. June 2025: Retaliation for Protected Speech**

21. On June 2, 2025, Plaintiff published a post on LinkedIn alleging unlawful conduct by the Defendant agencies. Within hours, an FBI official accessed

Plaintiff's profile. Plaintiff alleges this constituted pre-operational surveillance in response to protected speech.

22. On June 5, 2025, three days after the LinkedIn post, an unidentified male brandishing a Bowie knife assaulted Plaintiff in Long Beach.

23. The LBPD refused to document the incident and characterized Plaintiff as the instigator. Plaintiff's camera footage contradicts this characterization, yet the LBPD Violent Crimes Bureau has refused to refer the perpetrator for prosecution.

### E. July 25, 2025: Coordinated Detention, Harassment, and ADA Violations

24. On July 25, 2025, while Plaintiff was parked on a public street in Long Beach, an unidentified individual placed a 911 call alleging Plaintiff was using a telescoping camera to photograph a private residence.

25. The camera described in the 911 call is the same device that FBI agents previously targeted during the May 8, 2024, encounter.

26. Two LBPD officers (one male, one female) arrived and initiated a detention. Plaintiff demonstrated that the camera was inactive with the lens cover affixed.

27. The male officer observed Plaintiff's vehicle was parked more than 18 inches from the curb (CVC § 22502). Plaintiff explained that the positioning was a necessary disability accommodation—supported by a valid California Disabled Person Parking Placard—to allow clearance for Plaintiff to navigate to the passenger side.

28. The male officer refused the accommodation, stated he would issue a citation regardless, and immediately activated emergency lights to prevent Plaintiff from moving the vehicle.

29. While the citation was being prepared, the female officer—who had no prior interaction with Plaintiff—claimed Plaintiff had a history of "baiting" police and referred to Plaintiff using "THEY/THEM" pronouns.

30. This officer repeated these "baiting" allegations to a third officer on the scene. When Plaintiff questioned the excessive nature of the enforcement, the male officer stated, "I know what you're trying to do," further indicating the detention was based on pre-existing JRIC-disseminated profiles rather than neutral enforcement.

**F. December 2025: Obstruction of Administrative Remedies (SF-95)**

31. On December 2, 2025, Plaintiff contacted the FBI Long Beach Resident Office and spoke with "Agent Mark M." regarding the submission of a Standard Form 95 (SF-95) for damages naming the Defendant agencies.

32. Agent Mark M. explicitly instructed Plaintiff to hand-deliver the packet to the FBI Los Angeles Field Office, stating that uniformed FBI police would provide a receipt of delivery.

33. On December 17, 2025, Plaintiff arrived at the FBI Los Angeles Field Office at 11000 Wilshire Boulevard. Security personnel (Paragon Systems, Inc.) initially refused to accept the documents.

34. Two unidentified agents claiming to be from the "Legal Department" then met with Plaintiff. After reviewing the narrative of Plaintiff's claims, the agents initially refused the packet because the address listed was Washington D.C.

35. When Plaintiff cited official Department of Justice (DOJ) instructions regarding local office submissions, the agents agreed to take the packet but refused to identify themselves or provide the promised receipt. They subsequently returned the documents to Plaintiff and re-entered the building.

36. Plaintiff contacted the FBI Los Angeles main line and was told a "Duty Agent" would arrive in 10-15 minutes. During the 40-minute wait, a Paragon

security officer maintained a hand on a holstered weapon behind a glass window in an apparent attempt to intimidate Plaintiff.

37. Ultimately, the security officer informed Plaintiff that the Duty Agent had spoken with the "Legal Department" agents and would no longer accept the packet.

38. Plaintiff alleges this refusal to accept the SF-95 was a coordinated effort by the FBI and its contractors to obstruct Plaintiff's exhaustion of administrative remedies under the Federal Tort Claims Act (FTCA).

## IV. ALLEGATIONS REGARDING DOE DEFENDANTS

39. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 30, inclusive, and therefore sues these Defendants by such fictitious names.

40. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants.

41. Plaintiff will seek leave to amend this complaint to state the true names and capacities of said Doe Defendants when the same have been ascertained through the discovery process.

## V. RESERVATION OF ADMINISTRATIVE CLAIMS

42. Plaintiff has initiated administrative claims under the Federal Tort Claims Act (FTCA) and California Tort Claims Act (CTCA). This action is filed to preserve constitutional claims against individual actors while those administrative processes are pending. Plaintiff intends to amend this complaint to add the United States and municipal entities as defendants upon the conclusion of the administrative notice periods.

## VI. CAUSES OF ACTION

A. COUNT I: First Amendment Retaliation (Bivens / § 1983)

B. COUNT II: Fourth Amendment - Unlawful Detention

C. COUNT III: Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985)

## VII. PRAYER FOR RELIEF

1. **Compensatory and General Damages** against all Defendants according to proof.
2. **Punitive Damages** against individual Doe Defendants for malicious and oppressive conduct.
3. **Injunctive Relief** requiring the JRIC to cease all retaliatory surveillance of Plaintiff.

**JURY DEMAND:** Plaintiff demands a trial by jury.

Dated this 22nd day of December, 2025

*/s/ [signature]*

ALI RAISDANAI
Plaintiff in Pro Per