DAWN MCINTOSH, City Attorney
MATTHEW M. PETERS, Deputy City Attorney
State Bar No. 306959
411 W. Ocean Boulevard, 9th Floor
Long Beach, California 90802
Telephone:  (562) 570-2200
Facsimile:   (562) 436-1579
Email:         Matthew.Peters@Longbeach.gov

Attorneys for Defendant
CITY OF LONG BEACH

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI RAISDANAI,<br><br>         Plaintiff,<br><br>vs.<br><br>FEDERAL BUREAU OF INVESTIGATION; HOMELAND SECURITY INVESTIGATIONS; CITY OF LONG BEACH; COUNTY OF LOS ANGELES; ALLIED UNIVERSAL SECURITY SERVICES; PARAGON SYSTEMS, INC.; DOES 1 through 10, Federal Agents; DOES 11 through 20, Local Police Officer/Deputy Sheriffs; DOES 21 through 30, Private Security Guards,<br><br>         Defendants. | *(Exempt from Filing Fees pursuant to Government Code §6103)*<br><br>Case No.: 2:25-cv-12079-KK-KES<br><br>Hon. District Judge Kenly K. Kato<br>Hon. Magistrate Judge Karen E. Scott<br>Courtroom 3<br><br>**DEFENDANT CITY OF LONG BEACH'S ANSWER TO PLAINTIFF'S COMPLAINT; JURY DEMAND**<br><br>Complaint Filed: December 22, 2025<br>Trial Date:              TBD |

COMES NOW, Defendant, CITY OF LONG BEACH ("Defendant" or "this Answering Defendant"), and answering ALI RAISDANAI'S ("Plaintiff") Complaint ("Complaint") in the above-entitled action for itself alone, and for no other defendant, admits, denies, and alleges as follows:

///

///

///

1. Answering the allegations contained in paragraphs 1 and 2, this Answering Defendant admits that Plaintiff seeks to invoke this Court's jurisdiction pursuant to the statutes cited therein, that Plaintiff's 42 U.S.C. § 1983 causes of action amount to federal questions, and that this Court has subject matter jurisdiction over these federal questions. However, this Answering Defendants denies that Plaintiff has stated a claim upon which relief may be granted. Additionally, this Answering Defendant generally and specifically denies any allegation that Plaintiff's rights were violated, and contend that all actions were lawful, justified, reasonable, and done in good faith.

2. Answering the allegations contained in paragraph 3, this Answering Defendant has insufficient information or belief to enable it to answer said paragraph and, on that ground, denies each and every allegation contained in said paragraph.

3. Answering the allegations contained in paragraphs 4, 5, 6, 7, 8, 9. 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, and 42, inclusive, this Answering Defendant has insufficient information or belief to enable it to answer said paragraphs and, on that ground, denies each and every allegation contained in said paragraphs. This Answering Defendant denies the allegations therein to the extent they draw legal conclusions. Additionally, this Answering Defendant generally and specifically denies any allegation that Plaintiff's rights were violated, and contend that all City and City employees' actions were lawful, justified, reasonable, and done in good faith. Answering the allegations, if any, contained in said paragraphs regarding Doe defendants, this Answering Defendant lacks sufficient information as to the allegations regarding Doe defendants, and on that basis, denies each and every allegation contained in said paragraphs.

4. Answering the allegations contained in paragraphs 11 and Section VI, including subdivisions A through C, inclusive, this Answering Defendant denies generally, and specifically, each and every allegation contained therein. Additionally, this Answering Defendant generally and specifically denies any allegation that

OFFICE OF THE CITY ATTORNEY
DAWN MCINTOSH, City Attorney
411 W. Ocean Boulevard, 9th Floor
Long Beach, CA 90802

Plaintiff's rights were violated, and contend that all City and City employees' actions were lawful, justified, reasonable, and done in good faith. This Answering Defendant further denies that Plaintiff has stated a viable claim upon which relief may be granted. Answering the allegations, if any, contained in said paragraphs regarding Doe defendants, this Answering Defendant lacks sufficient information as to the allegations regarding Doe defendants, and on that basis, denies each and every allegation contained in said paragraphs. This Answering Defendant also denies the allegations therein to the extent they draw legal conclusions.

5. Answering the allegations contained in Plaintiff's Prayer for Relief (Section VII), including paragraphs 1 through 3, this Answering Defendant denies generally, and specifically, each and every allegation, if any, contained therein. This Answering Defendant denies that Plaintiff is entitled to any of the relief sought by way of this instant action. Answering the allegations, if any, contained in said paragraphs regarding Doe defendants, this Answering Defendant lacks sufficient information as to the allegations regarding Doe defendants, and on that basis, denies each and every allegation contained in said paragraphs.

## FIRST AFFIRMATIVE DEFENSE

6. Plaintiff's Complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6), (c).

## SECOND AFFIRMATIVE DEFENSE

7. Defendant, CITY OF LONG BEACH, as a public entity, is immune from liability under the doctrine of *respondeat superior* in conjunction with 42 U.S.C. §§ 1981, 1983, 1985, or 1986.

## THIRD AFFIRMATIVE DEFENSE

8. The individual doe defendants are entitled to qualified immunity as they were performing discretionary functions and are immune from suit because their conduct did not violate any clearly established constitutional rights of which a reasonable person would know. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

**FOURTH AFFIRMATIVE DEFENSE**

9. Plaintiff's claims are barred by the doctrine of *res judicata* and/or collateral estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

10. That there is no individual liability and that Plaintiff is barred from recovery under the principles set forth in *Monell v. Department of Social Services* and its progeny.

**SIXTH AFFIRMATIVE DEFENSE**

11. That any injury or damage suffered by Plaintiff, was caused solely by reason of Plaintiff's own wrongful acts and conduct, and not by reason of any unlawful acts or omissions of any defendant. Additionally, Plaintiff has failed to mitigate his damages; and, as such, a damage award, if any, should be reduced accordingly.

**SEVENTH AFFIRMATIVE DEFENSE**

12. That the Plaintiff has failed to comply with the Government Claims Act, and thus all potential State Causes of Action are barred.

**EIGHTH AFFIRMATIVE DEFENSE**

13. That Plaintiff's claims are barred by the applicable statute of limitations.

**NINTH AFFIRMATIVE DEFENSE**

14. That Plaintiff has failed to allege that any City employee was an integral participant in the claimed unconstitutional activity.

**TENTH AFFIRMATIVE DEFENSE**

15. That pursuant to *Government Code* § 820.2, Defendant's employees are not liable for any act or omission which is the result of the exercise of discretion vested in Defendant, its employees, or any person employed by or otherwise affiliated with such Defendant. *Gov't Code* § 820.2.

**ELEVENTH AFFIRMATIVE DEFENSE**

16. That Plaintiff's damages or losses, if any, were the result of the actions

OFFICE OF THE CITY ATTORNEY
DAWN MCINTOSH, City Attorney
411 W. Ocean Boulevard, 9th Floor
Long Beach, CA 90802

or inactions of third parties, including Plaintiff, over whom this Answering Defendant had no control or right to control. *Gov't Code* § 820(a).

### TWELFTH AFFIRMATIVE DEFENSE

17. That a public employee is not liable for his or her act or omission, exercising due care, in the execution or enforcement of any law, or for his or her discretionary acts. *Gov't Code* § 820.4.

### THIRTEENTH AFFIRMATIVE DEFENSE

18. That at all times pertinent herein, the individual doe defendants had reasonable cause to believe that a public offense had been, and was being, committed in their presence.

### FOURTEENTH AFFIRMATIVE DEFENSE

19. That neither Defendant nor its employees are not liable for the tortious or criminal acts of another. *Gov't Code* § 820(a).

### FIFTEENTH AFFIRMATIVE DEFENSE

20. That Plaintiff's claims are barred due to his failure to comply with pre-filing requirements of the Government Claims Act.

### SIXTEENTH AFFIRMATIVE DEFENSE

21. That the Complaint fails to state facts sufficient to constitute a claim upon which relief may be granted.

### SEVENTEENTH AFFIRMATIVE DEFENSE

22. Plaintiff's causes of action under state law set forth in the Complaint do not fairly reflect the facts alleged in Plaintiff's written notice of claim. Therefore, Plaintiff's state law claims are barred because they do not demonstrate substantial compliance with the Government Claims Act. *See State of Calif. Ex rel. Dept. of Transp. v. Sup. Ct. (Hall)*, 159 Cal.App.3d 331 (1984).

### EIGHTEENTH AFFIRMATIVE DEFENSE

23. Plaintiff's rights, privileges, and immunities secured under the Constitution, or Laws of the United States, have not been violated by any alleged

action of the Defendant or its employees.

### NINETEENTH AFFIRMATIVE DEFENSE

24. Plaintiff's state law claims are barred because Plaintiff failed to file suit within six months after receiving notice of rejection of the claim. *Gov't Code* § 945.6. Plaintiff also prematurely filed suit prior to Defendant acting upon his claim. Plaintiff's Notice of Claim also fails to identify the public employees whom allegedly caused the injury when those employees were known to Plaintiff at the time of claim filing in violation of *Government Code* § 910(e).

### TWENTIETH AFFIRMATIVE DEFENSE

25. Plaintiff is prohibited from pursuing his 42 U.S.C. § 1983 claim as Plaintiff's conviction(s) for the crime(s) at issue has not been reversed, expunged, or called into question by issuance of a writ of habeas corpus; as such, Plaintiffs' § 1983 claim is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

26. That Defendant and its employees are immune from liability for injury caused by or to an escaping prisoner, an escaping arrested person, or a person resisting arrest. *Gov't Code* § 845.8.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

27. That Defendant and its employees are immune from liability for decisions relating to alleged failures to investigate, arrest, and protect. *Gov't Code* §§ 845, 846, 818.2, 821, and 820.2.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

28. That Defendant, a public entity, is not liable for Plaintiff's injuries or harms resulting from an act or omission of an employee of Defendant where the employee is immune from liability. *Gov't Code* § 815.2(b).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

29. That Defendant's agents or employees are immune from liability for acts committed "in good faith, without malice and under the apparent authority of an

enactment that is unconstitutional, invalid or inapplicable". *Gov't Code* § 820.6.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

30. That Defendant's agents or employees are not liable for an injury caused by their misrepresentation, whether or not such misrepresentation be negligent or intentional, unless he is guilty of actual fraud, corruption or actual malice. *Gov't Code* § 822.2

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

31. That Defendant reserves its right to raise any and all defenses a private person could raise. *Gov't Code* § 820(b).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

32. That Defendant's agents and employees owed no duty to Plaintiff and there existed no special relationship between Defendant and Plaintiff.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

33. That Defendant is not liable for an injury caused by misrepresentation by its employees. *Gov't Code* § 818.8.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

34. That Defendant's direct liability can only be based on statute and there is no direct liability based on a public entity's allegedly negligent hiring and supervision practices.

## THIRTIETH AFFIRMATIVE DEFENSE

35. Plaintiff lacks standing for injunctive relief and cannot demonstrate a real and immediate threat of future harm.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

36. This Answering Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case.

///

## PRAYER

Wherefore, this Answering Defendant prays that:

1. Judgment be rendered in favor of Defendant and against Plaintiff;

2. Plaintiff takes nothing by this action;

3. Defendant be awarded costs, including reasonable attorneys' fees of suit; and

4. Defendant be awarded such relief as the Court deems just and proper.

Defendants reserves the right to amend this answer in order to assert any additional affirmative defenses that may be uncovered or made known during the pendency of this case.

DATED: February 19, 2026            DAWN MCINTOSH, City Attorney


By: */s/ Matthew M. Peters*
    MATTHEW M. PETERS
    Deputy City Attorney
Attorneys for Defendant
CITY OF LONG BEACH

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, this Answering Defendant demands a trial by jury.

DATED: February 19, 2026      DAWN MCINTOSH, City Attorney

By: */s/ Matthew M. Peters*
    MATTHEW M. PETERS
    Deputy City Attorney
Attorneys for Defendant
CITY OF LONG BEACH

OFFICE OF THE CITY ATTORNEY
DAWN MCINTOSH, City Attorney
411 W. Ocean Boulevard, 9th Floor
Long Beach. CA 90802

## PROOF OF SERVICE
(California Code of Civil Procedure § 1013A(3))

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 411 W. Ocean Boulevard, 9th Floor, Long Beach, California 90802.

On February 19, 2026, I served the foregoing document described as: **DEFENDANT CITY OF LONG BEACH'S ANSWER TO PLAINTIFF'S COMPLAINT; JURY DEMAND** on the parties to this action in the following manner:

### SEE SERVICE LIST BELOW

__X__ (By Mail) I caused such envelope or package with postage thereon fully prepaid to be placed in the United States mail at Long Beach, California. I am readily familiar with this firm's practice of collecting and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for the mailing in affidavit.

____ (By Fax) I caused such documents to be faxed at Long Beach, California from Fax number: 562.436.1579 . The facsimile machine I used compiled with Rule 2.301 of the California Rules of Court, and no error was reported by the machine.

____ (By Personal Service) I caused such envelope or package to be delivered by hand to the addressee(s).

____ (By Overnight Delivery) I deposited such envelope for collection and delivery by UPS with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by UPS. They are deposited with a facility regularly maintained by UPS for receipt on the same day

__X__ (By Electronic Mail) I caused the document(s) to be sent from e-mail address (Violeta.Salinas@LongBeach.gov) to the person(s)s at the e-mail address(es) listed below.

__X__ (State) I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 19, 2026 at Long Beach, California.

*/s/Violeta Salinas*
Violeta Salinas

# SERVICE LIST
*Raisdanai v. Federal Bureau of Investigation, et al.*
USDC Case No.: 2:25-cv-12079-KK-KES

Ali Raisdanai                                            *Plaintiff in Pro Per*
1301 W. 12th Street
Long Beach, CA 90813
Tel: (323) 631-0528
Email: *ashtianij@proton.me*