**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 2:25-cv-12079-KK-KES                    Date: March 19, 2026

Title:  ALI RAISDANAI v. FEDERAL BUREAU OF INVESTIGATION, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|:---:|:---:|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   Order to Show Cause ("OSC") Why Defendant County of Los Angeles Should Not Be Dismissed**

On or before April 2, 2026, Plaintiff Ali Raisdanai ("Plaintiff") is ordered to show cause, in writing, why the Court should not dismiss Defendant County of Los Angeles (the "County") for failure to effect timely, valid service and/or failure to prosecute. Under Federal Rule of Civil Procedure 4(m), Plaintiff was required to serve the County with the Summons and Complaint within 90 days of filing his Complaint (Dkt. 1), or by March 22, 2026.

In February 2026, Plaintiff filed a proof of service ("POS") declaration stating that Nathan Willingham served the County by serving the summons on County Deputy Clerk, Jimmy Prieto.  (Dkt. 12.)  This declaration does not say that the Complaint was served with the Summons or state that any documents were personally delivered to Mr. Prieto.  (Id. at 1.)  It says, "Thereafter on 02/02/2026,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-12079-KK-KES                                    Date: March 19, 2026
                                                                                  Page 2

the documents were sent by certified mail to the Defendants at the address serviced." (Id.)  Plaintiff attached a certified mail receipt showing that something was mailed on February 3, 2026, to "County of LA, 500 W. Temple St. Rm 383, Los Angeles, CA 90012."  (Id. at 2.)

The County has not appeared, and Plaintiff has not requested entry of default.  Plaintiff can discharge this OSC by (1) explaining why he contends the POS filed at Dkt. 12 shows valid service and requesting entry of default; (2) filing a new or revised POS that reflects proper service and, if the County's deadline to respond has passed, requesting entry of default; or (3) explaining why Plaintiff has been unable to effect valid service on the County, despite reasonable diligence.  If the County appears by **March 27, 2026**, then Plaintiff need not respond to this OSC. If County does not make an appearance by March 26, 2026, then Plaintiff must respond to this OSC by **April 3, 2026**.

The Clerk is directed to mail this OSC to:

Dawyn R. Harris
Office of the County Counsel
County of Los Angeles
Kenneth Hahn Hall of Administration
500 West Temple Street #648
Los Angeles, CA 90012

Initials of Deputy Clerk jd